Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2208 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Matthews vs. Du Page County Election Commissioner | | |

**DOCKET ENTRY TEXT**

Defendant's motion (15) to dismiss is granted. Accordingly, this case is dismissed for failure to state a claim. Status hearing set for 3/23/11 is now vacated.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Defendant's motion to dismiss is granted. Plaintiff alleges that he was discriminated against in his employment on the basis of his age; his sex; his color; his disability; his national origin; his race; and his sex. He has not, however, alleged his age; his color; his disability; his national origin; his race; or his sex, nor has he alleged sufficient facts from which to infer reasonably that he was defendant's employee. Further, plaintiff alleges that he filed a discrimination claim before the EEOC and the Illinois Department of Human Rights and that he received a Notice of Right to Sue from the EEOC, but he has neither attached a copy of his claims, nor specified the date on which they were made, nor has he provided a copy of any right to sue letter.

The filing of a timely charge before the EEOC, and the receipt of a "right to sue" letter is a statutory prerequisite to filing any claim under Title VII, the Americans with Disabilities Act, or the Age Discrimination in Employment Act. *Swearnigen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010)(Title VII); *Miller v. American Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008) (ADEA); *Green v. National Steel Corp., Midwest Division*, 197 F.3d 894, 898 (7th Cir. 1999) (ADA). Because I cannot reasonably infer from the facts asserted in the complaint either that plaintiff is a member of a protected class, or that the statutory prerequisites to suit were met, I dismiss his statutory claims.

Plaintiff's Equal Protection claim also fails. As noted above, plaintiff has not pled membership in a protected class. Moreover, plaintiff has not alleged sufficient factual material to support a constitutional

| STATEMENT |
|---|
| claim against a local government entity pursuant to 42 U.S.C. §§ 1981 and 1983. To state such a claim, plaintiff must allege that the local governmental entity had an express policy that, when enforced, caused a constitutional deprivation; or had a widespread practice that was so permanent and well settled as to constitute a custom or usage within the force of law; or that plaintiff's asserted constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). |